IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JEFFREY L. TORKELSON,

                Plaintiff,                          OPINION AND ORDER

v.

                                              20-cv-1129-wmc

MILE BLUFF MEDICAL CENTER,
GUNDERSON HEALTH CARE,
KEVIN CARR, DANIEL WINKLESKI,
ROSLYN HUNEKE, KARL HOFFMAN,
MINDY HAMS, BRANDON BIRDSIL,
KOREEN FRISK, LYNN DOBBERT,
CHRISTINE WAGNER and MARYAH MARTIN,

                Defendants.

*Pro se* plaintiff Jeffrey Torkelson, a prisoner at New Lisbon Correctional Institution ("NLCI"), filed this lawsuit pursuant to 42 U.S.C. § 1983. Torkelson claims that defendants, two health care clinics and multiple Wisconsin Department of Corrections ("DOC") employees, violated his constitutional rights in handling his serious spinal cord injury. Torkelson's complaint is ready for screening as required by 28 U.S.C. § 1915A. However, because Torkelson's complaint does not meet the minimal pleading requirements of Federal Rule of Civil Procedure 8, the court is dismissing his complaint without prejudice and giving him the opportunity to amend his complaint to correct the deficiencies described below. The court will also deny Torkelson's motion for appointment of counsel (dkt. #5), without prejudice to his ability to renew it at a later date in this lawsuit.

ALLEGATIONS OF FACT[1]

Plaintiff Jeffrey Torkelson was incarcerated at NLCI in March of 2019, when the events relevant to this lawsuit occurred. He seeks to proceed against Mile Bluff Medical Center; Gunderson Health Care; DOC Secretary Kevin Carr; NLCI Warden Daniel Winkleski; NLCI's Health Services Unit ("HSU") Manager ("HSM") Roslyn Huneke; NLCI physician Dr. Karl Hoffman; HSU scheduler Mindy Hams; and NLCI nurses Brandon Birdsil, Koreen Frisk, Lynn Dobbert, Christine Wagner and Maryah Martin.

On March 13, 2019, Torkelson was being held in NLCI's restrictive housing unit ("RHU"). Torkelson blacked out and fell headfirst into the cell door, and he was transported by ambulance to Mile Bluff Medical Center. Although x-rays of his cervical spine were taken, an MRI was not.

After Torkelson was discharged and returned to NLCI, he submitted numerous Health Service Requests ("HSRs") to the HSU, complaining of numbness, tingling and pain in both his arms, his hands and his left leg and foot. After five months of complaints, Torkelson underwent surgery for a swollen spinal cord at Gunderson Health Care. However, Torkelson alleges that because of the delay between his injury and surgery, the surgery did not improve his condition. Rather, he still experiences numbness and tingling, which also has developed into problems with balancing, requiring him to use a walker or wheelchair for longer distances.

Torkelson further alleges that he was recently diagnosed with carpal tunnel

---

[1] In addressing any *pro se* litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

syndrome in both wrists and is waiting for surgery.

OPINION

Plaintiff seeks leave to proceed against all defendants on Eighth Amendment deliberate indifference claims. A state actor who violates the Eighth Amendment in the context of a prisoner's medical treatment demonstrates "deliberate indifference" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). "Serious medical needs" include (1) life-threatening conditions or those carrying a risk of permanent serious impairment if left untreated, (2) withholding of medical care that results in needless pain and suffering, or (3) conditions that have been "diagnosed by a physician as mandating treatment." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). "Deliberate indifference" encompasses two elements: (1) awareness on the part of officials that the prisoner needs medical treatment and (2) disregard of this risk by conscious failure to take reasonable measures. *Forbes*, 112 F.3d at 266.

Although the court will accept that plaintiff's injury from his March 2019 fall constitutes a serious medical need, his complaint does not contain sufficient allegations for him to proceed against any of the proposed defendants. Federal Rule of Civil Procedure 8 requires a "'short and plain statement of the claim' sufficient to notify the defendants of the *allegations* against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis added). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Important here, to demonstrate liability under § 1983, a plaintiff must allege sufficient facts showing that an individual personally caused or participated in a constitutional deprivation.  *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("individual liability under § 1983 requires personal involvement in the alleged constitutional violation") (citation omitted).

To start, although it is possible that HSM Huneke, Dr. Hoffman, Hams, Birdsil, Frisk, Dobbert, Wagner and Martin may have been involved in responding to plaintiff's ongoing complaints of numbness and tingling after his return from Mile Bluff in March of 2019, plaintiff does not detail those interactions.  And because plaintiff has not provided any dates of his requests to be seen or when or, critically, how each of these defendants responded to his requests for medical attention, the court cannot determine whether their individual responses support an inference of deliberate indifference.  As a result, these defendants are subject to dismissal.

Mile Bluff Medical Center and Gunderson Health Care are also subject to dismissal. Plaintiff alleges that both of these defendants contract with the DOC to provide medical care, so it appears plaintiff included these entities as defendants on a theory of *respondeat superior*, seeking to hold the corporate entities responsible for the actions of their employees.  Yet § 1983 claims may only be brought against a private company in this context when the plaintiff is challenging actions taken pursuant to an unconstitutional policy or custom.  *See Woodward v. Corr. Med. Servs.*, 368 F.3d 917, 927 n.1 (7th Cir. 2004) (private company under contract to perform a public function of providing medical or other health care services is subject to the same standard as municipalities in a § 1983 action);

4

*Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014) (explaining that the standard under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) applies to private corporations). Since plaintiff's allegations do not implicate any policy or custom of Mile Bluff Medical Center or Gunderson Health Care, and instead implicate the performance of the health care professionals at Mile Bluff that failed to order an MRI, and possibly the individuals at Gunderson Health Care in charge of scheduling his surgery, plaintiff has failed to allege the necessary policy, practice or custom to assert claims against these private entities. Accordingly, these two defendants are subject to dismissal as well.

Finally, it appears that defendants Carr and Winkleski should be dismissed for lack of personal involvement. Since neither defendant is alleged to have been involved in plaintiff's medical care, it appears these two defendants are named because of their supervisory positions at the DOC and NLCI, respectively. However, they cannot be held liable under § 1983 solely by virtue of their positions. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (rejecting § 1983 actions against individuals merely for their supervisory role of others). While there are exceptions to this rule, none apply here. For example, a supervisor may be liable if he knew about unconstitutional "conduct and facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye for fear of what [she] might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (citation omitted). Additionally, a supervisor might be liable for flawed policies or deficient training over which he had control, if the policies or training amount to deliberate indifference to the rights of the persons affected. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). Since plaintiff does not purport to challenge any deficient policies or training of

5

which Carr or Winkleski were aware and failed to address, these defendants are subject to dismissal.

Since plaintiff has not included allegations related to his specific efforts to have his symptoms evaluated, it is conceivable that plaintiff might be able to articulate a claim against the individual defendants involved in treating him after his fall and responding to his HSRs between his fall and his surgery. Therefore, the court will dismiss his complaint without prejudice and give plaintiff a brief window of time to file an amended complaint. Plaintiff should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation, paying particular attention to providing details about his interactions with individual defendants, focusing on what symptoms he reported, when he reported them and how they responded. If he submits a proposed amended complaint by the deadline set forth below, the court will screen is under §§ 1915(e)(2), 1915A.

Finally, the court is denying Torkelson's motion for appointment of counsel without prejudice. Civil litigants have no constitutional or statutory right to the appointment of counsel. *E.g.*, *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). The court may, however, use its discretion to determine whether to help recruit counsel to assist an eligible plaintiff who proceeds under the federal in forma pauperis statute. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent an indigent civil litigant *pro bono* publico.") Torkelson is proceeding *in forma pauperis*, so he is eligible for recruitment of counsel.

Before deciding whether to recruit counsel, a court must find that the plaintiff has

made reasonable efforts to find a lawyer on his own and has been unsuccessful. *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). Torkelson has stated that he has made some inquiries into retaining an attorney, but this court typically requires *pro se* litigants to contact at least three attorneys about representation. Therefore, the court will deny this request for that reason, and because recruitment of counsel is not warranted at this stage in the lawsuit.

The central question is "whether the difficulty of the case -- factually and legally -- exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). At this point, Torkelson's only task is to prepare an amended complaint, which requires him to recite the events related to his claims, bearing in mind the legal standards set forth above. Torkelson's submissions thus far do not suggest he cannot complete this task. The denial will be without prejudice to Torkelson's ability to renew it, should he (1) show that he made reasonable efforts to recruit an attorney on his own, and (2) explain in detail why he is incapable of meeting the demands of this case. That said, Torkelson is advised that this court very rarely recruits counsel for cases of this nature prior to trial.

ORDER

IT IS ORDERED that:

1. Plaintiff Jeffrey Torkelson is DENIED leave to proceed, and his complaint is DISMISSED without prejudice, for failure to meet the minimal pleading requirements of Federal Rule of Civil Procedure 8.

2. Plaintiff's motion for appointment of counsel (dkt. #5) is DENIED without prejudice.

3. Plaintiff has until **January 26, 2022**, to file an amended complaint that satisfies the requirements of Federal Rule of Civil Procedure 8. **Plaintiff's failure to file an amended complaint by that deadline will result in the court dismissing this action with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).**

Entered this 5th day of January, 2022.

                                  BY THE COURT:

                                  /s/

                                  _____
                                  WILLIAM M. CONLEY
                                  District Judge